MPR:TAW
F# 2019R00719

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

AKIVA SCHONFELD,

Defendant.

- - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

COMPLAINT AND
AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

(T. 18, U.S.C., § 1956(h))

19-MJ-534

EASTERN DISTRICT OF NEW YORK, SS:

MICHAEL SCULLY, being duly sworn, deposes and states that he is a Task Force Officer with the Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such.

Upon information and belief, in or about and between November 2017 and February 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant, AKIVA SCHONFELD, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, contrary to Title 21, United States Code, Sections 841 and 846, 952, 959, 960 and 963, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity: (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section

1956(a)(1)(A)(1); and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h) and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

## INTRODUCTION

1. I am a Task Force Officer with the DEA, and have been so employed since approximately 11 years. In my capacity as a DEA Task Force Officer, I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for federal narcotics and money laundering offenses. I have participated in investigations involving arrest warrants, and the use of surveillance, confidential informants, cooperating defendants and undercover operations. I also have experience (a) reviewing and analyzing recorded conversations and records of drug traffickers and money launderers and (b) debriefing cooperating drug traffickers and money launderers. Through my training, education and experience, I have also become familiar with (a) the manner in which illegal drugs are imported and distributed; (b) the method of payment for such drugs; and (c) the efforts of persons involved in such activity to avoid detection by law

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

enforcement, such as through the laundering of monetary instruments and the concealment of evidence of crimes.

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation described herein. The facts set forth in this affidavit are based, in part, on information that I have learned from the review of written documents prepared by, and conversations with, members of the DEA and other law enforcement agencies and investigators; surveillance; and my review of documents obtained by subpoena. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## PROBABLE CAUSE

3. On November 8, 2017, pursuant to information gathered from a confidential source ("CS"), the DEA and other agencies conducted an undercover operation involving members of a money laundering operation ("MLO"). As part of this operation, a law enforcement officer ("UC"), acting in an undercover capacity, was introduced to members of the MLO. Subsequently, the UC agreed with a member of the MLO to meet with an unidentified male at a predetermined time and location on Marin Boulevard in Jersey City, New Jersey ("Location-1") for purposes of a money pick up. The UC was told that the unidentified male would arrive at Location-1 in a black Ford SUV.

4. Later that day, law enforcement agents responded to Location-1 and conducted surveillance ahead of the planned meeting. At the approximate agreed-upon meeting time, a white male driving a black Ford SUV (later identified as SCHONFELD) arrived at Location-1. Law enforcement officers approached SCHONFELD and received consent from him to

3

search his vehicle, whereupon officers discovered approximately $180,000 in the trunk on the car.² The money was secured with rubber bands, in bundle form, in a manner consistent with narcotics proceeds. Law enforcement officers seized the money and took SCHONFELD into custody. While in custody, SCHONFELD stated, in sum and substance, that he had been laundering money for approximately two years and had picked up and dropped off money in excess of $1 million between multiple states. SCHONFELD was later released.

5. 

---

² At the time of his arrest, SCHONFELD provided the name of "Akiva Schonfeld."

6. █████████████████████████████████
███████████████ ████████████████
████████████████████████████████
██████

7. █████████████████████████████
████████████████████████████████
████████████████████████████████
█████████████████████████ █████
████████████████████████████████
███ ██████████████████████████
████████████████████████████

8. █████████████████████████████
██████████████ ████████████████
██████████████████ █████████████
████████████████████████████████
██████████████ █████████████████
█████████████████████ ███████████
████████████████████████████████
████████████████████████████████

■■■■■■■■■■■■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■

9.  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■

10. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

11. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■ ■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■ ■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■

---

[3] Agents compared SCHONFELD's November 8, 2017 arrest photograph to the individual at Location-2 and confirmed that they are the same individual.

6

12. 

13. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉
▉▉▉▉▉▉▉

14. Shortly thereafter, state law enforcement authorities performed a traffic stop on SCHONFELD for several traffic violations. Local authorities deployed a narcotics K-9

---

[4] Agents confirmed that the car SCHONFELD drove to Location-3 was a rental car rented in the name "Akiva Schonfeld."

as part of the stop. Upon inspection, the K-9 identified narcotics odors emanating from the vehicle. Local authorities searched the vehicle and seized the cardboard box behind the driver's seat that agents had observed SCHONFELD place there. The box contained approximately $323,000 in cash, which was secured with rubber bands, in bundle form and was in bundles of approximately $20,000 and $40,000, in a manner consistent with narcotics proceeds.

15. During the traffic stop, agents interviewed SCHONFELD. SCHONFELD stated, in sum and substance, that he had just arrived in the United States from Israel two days earlier and that a male individual had called him and told him to pick up money in Raleigh, North Carolina. SCHONFELD stated that he did not own the money and that he was aware the money was proceeds from illicit activities. SCHONFELD stated that DEA agents had stopped him in New York in November of 2017 with a large quantity of money, which DEA agents had also seized. Further, SCHONFELD stated that this was his third trip to North Carolina in order to pick up money and that he had made numerous other trips to locations such as Georgia, Illinois and Massachusetts to transport money. SCHONFELD stated that, on average, he picks up between $100,000 and $200,000 and has placed the money in numerous bank accounts belonging to unknown individuals. SCHONFELD was later released. During this stop, SCHONFELD provided an Israeli driver's license in the name of "Akiva Meir Schonfeld."

16. On February 26, 2018, DEA agents again interviewed SCHONFELD. Prior to the interview, agents read SCHONFELD his Miranda rights. SCHONFELD indicated he understood his rights and waived them in writing.

8

████████████████████████████████████████
████████████████████████████ SCHONFELD stated that he traveled to conduct money pick-ups one or two times per month and that, during this time, he had picked up and transported over $2,000,000 in at least eight states. SCHONFELD further described several occasions where he delivered money he had picked up to individuals in Brooklyn, New York and at LaGuardia Airport in Queens, New York.

17. ████████████████████████████████████████
████████████████████████████████ SCHONFELD again acknowledged that he was aware that the bundles of bulk cash he was transporting from the locations were the result of illegal activities.

## SEALING REQUEST

18. IT IS FURTHER REQUESTED that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including this affidavit and the requested arrest warrant. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits via the Internet, and disseminate them to other criminals as they deem appropriate, e.g., by posting them publicly through online forums. Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, and notify confederates.

WHEREFORE, your deponent respectfully that an arrest warrant be issued so that the defendant AKIVA SCHONFELD be dealt with according to law.

*[signature]*
MICHAEL SCULLY
Task Force Officer
Drug Enforcement Administration

Sworn to before me this
7 day of June, 2019

_____
THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

10